ON MOTION TO DISMISS
RAWLS, Judge.
Petitioner seeks review by certiorari under Chapter 120, Florida Statutes, F.S.A., the Administrative Procedure Act, of a final order entered by the Director of the State Beverage Department denying its application for a spirituous liquor distributor’s license filed pursuant to the provisions of Chapter 561, Florida Statutes. The matter is now before the Court on the respondent’s motion to dismiss the petition and deny the writ on the ground that petitioner has failed to exhaust its administrative remedies, and this review is therefore premature.
Upon consideration of the application for license filed by petitioner, after due notice to all concerned parties, the Beverage Director held a hearing, and adduced evidence submitted by the parties both in support and in opposition to the application. A full quasi judicial proceeding contemplated by the Beverage Law was conducted by the Director who, at the conclusion thereof, rendered his final order in which his denial of the application was predicated upon the following finding and conclusion, to wit:
“In view of the foregoing testimony and evidence, the Director finds that Carl E. Bonas, President of the Applicant Company, is qualified in terms of experience to operate the business of wholesale distribution of spirituous beverages; however, the Director does not find it necessary to make a finding in regard to the financial ability of the Applicant for reasons hereinafter set forth.
* * * * * *
“* * * Therefore, since the Director finds that the record does not reflect that the Applicant provided substantial and competent evidence in proof of the issue of public necessity which would allow the granting of the subject Application, the question of the necessity to the licensee need not be further considered; * * * a
From the foregoing it patently appears that petitioner’s application for license was rejected and disapproved by the Director because of petitioner’s failure to prove by competent evidence that the issuance to it of the license is necessary in the interest of the public and the licensee concerned. The statutory support for the Director’s finding and conclusion is found in Section 561.241, Florida Statutes, F.S.A., which is as follows, to wit:
“No new spirituous liquor distributor’s license shall be issued by the beverage department, and no transfer of an éxist-ing spirituous liquor distributor’s license shall be made unless and until the director shall determine that such issuance or transfer is necessary in the interest of the public and the licensee concerned, after a hearing duly called and held by the director in which fifteen days notice shall be given to the licensee or applicant and to all other licensed spirituous liquor distributors.”
By its petition for certiorari petitioner challenges the constitutionality of the above-quoted section of the statute on which the Beverage Director relied as the sole ground for denying the license for which *330 application was made. This is the question which is presented to this Court for decision if and when the merits of the petition for writ of certiorari are reached for determination.
Respondent’s motion to dismiss the petition is predicated upon the provisions of Section 561.19(2), Florida Statutes, F.S.A., dealing with the issuance of beverage licenses upon approval of the Director. This section provides:
“(2) If the application is disapproved, the director shall give the applicant notice of the disapproval and the reasons therefor and if requested by the applicant, a fair hearing as to his qualifications and the qualifications of the premises. If, after such hearing, the director shall find that the applicant and premises have such qualifications as required by the beverage law, he shall approve the application and the same shall be handled as provided in subsection (1). If the director’s disapproval is sustained, he shall so notify the applicant. Any applicant may at any time within thirty days after such disapproval and notice thereof, file with the director a request in writing for a review of such disapproval by the governor. The director shall thereupon certify his findings on which the disapproval was based to the governor who shall review the same and order the application be granted or denied as justice shall require.”
It is the position of respondent that since petitioner did not request in writing a review of the Director’s final order of disapproval by the Governor as permitted by the above-quoted provision of the statute, it has not yet exhausted its administrative remedies, and, therefore, is not entitled to a judicial review of the order at this time.
The above-quoted section of the statute dealing with review by the Governor was enacted prior to the Administrative Procedure Act, Chapter 120, Florida Statutes, F.S.A. Section 120.31 of the latter act specifically provides that the final orders of administrative agencies exercised in the performance of a quasi judicial function may be reviewed by writ of certiorari filed in the District Court of Appeal within the District wherein the order is rendered.
The Chief Executive of this State is entrusted by the Constitution of Florida with the performance of executive functions. The judiciary is entrusted with the disposition of judicial functions. It is outside the powers of the legislature to redistribute these powers. Clearly, the proceedings previously had in this instance before the Beverage Director were those of a quasi judicial nature and the quasi judicial order was of such final nature as to be subject to review by the judiciary.
There is no statutory provision for notice, the taking of testimony, preparation of a record, or other due process necessities for a quasi judicial proceeding before the Governor. Thus, the legislature clearly has not attempted to vest in him quasi judicial functions. For all that appears in the cited statute, should we regard it as an attempt to endow the Governor with super appellate powers, then it could logically be concluded that he could arbitrarily or capriciously decide the legal rights of applicants without being required to make findings of fact or law. It is our view and we so hold, that the statutory review of the Governor permitted to be sought by one aggrieved by an order of the Beverage Director relates to a quasi executive order and not to a quasi judicial order.
For the reasons hereinabove stated, respondent’s motion to dismiss petition on the grounds asserted therein is denied and an administrative order will be entered accordingly.
' CARROLL, DONALD K., Acting C. J., and JOHNSON, J., concur.